## Case No. 9,452.

MERCHANTS' NAT. BANK OF LOWELL v. LELAND et al.

[38 How. Pr. (1870) 31.]

Circuit Court, S. D. New York.

ACTION ON BOND TO STAY JUDGMENT PENDING MOTION FOR NEW TRIAL—MOTION TO STAY PROCEEDINGS—AUXILIARY EQUITY SUIT.

[A stay of proceedings on a judgment in a state court pending a motion for a new trial was granted upon defendants giving bond conditioned to pay the judgment if the motion were denied. The motion was denied, but defendant took an appeal therefrom, and the appellate court stayed proceedings pending the appeal. In the meantime plaintiff brought an action in a federal court upon the bond given in the state trial court, whereupon defendants moved the federal court to stay proceedings in this action until the disposition of the appeal. Held, that as the condition of the bond had in fact happened it was not clear that plaintiff should not be allowed to enforce it immediately, and, as an order staying proceedings would deprive him of that right without any opportunity of obtaining a review, such stay would only be granted upon condition that defendant should institute a plenary suit on the equity side of the court, auxiliary to the action at law, to restrain the prosecution thereof, so that a determination of the questions raised would become subject to review by appeal.]

Action on an undertaking, given by the defendants [Charles Leland and others] to the plaintiff, to stay proceedings pending a motion for a new trial; in an action wherein the plaintiff had recovered judgment against two of the defendants in a state court. The condition of the undertaking, was to pay the judgment if the motion for a new trial was denied. It was given pursuant to an order of the court, requiring it as a condition of granting a stay of proceedings on the judgment. The motion for a new trial having been denied, the defendants in that case appealed to the general term, and the court upon motion, and after a hearing, ordered a stay of proceedings on the judgment pending the appeal, provided the defendants gave a bond or undertaking of the same general character as required upon appeals from judgments. The defendants gave the undertaking required. The plaintiff having commenced this action and entered a rule that defendants plead, the defendants now moved to stay proceedings in this action pending the appeal in the state court.

Francis C. Barlow, for plaintiff.

Wm. G. Choate and John Fitch, for defendants.

BLATCHFORD, District Judge. The several stays of proceedings granted by the state

court by the orders of May 11, 1868, May 30, 1868, and Jan. 21, 1869, are, in effect, nothing more than stays of the collection by execution of the judgment recovered in the state court. If it were quite clear that the undertaking of May 29, 1868, was merely an additional security for the payment of the judgment, the mode of *giving defendants in this suit* relief by staying the plaintiff's proceedings herein, by an order made on a motion to that end, would be objectionable as concluding the plaintiff's rights, without his having any means of review. But I regard it as by no means certain, that the undertaking, given as it was, and as is stated on its face, for the purpose of obtaining a stay of execution on the judgment, until the motion for a new trial in the suit could be heard and decided, and in consideration of such stay and being an absolute undertaking to pay this amount directed to be paid by the judgment, if such motion for a new trial should be denied, is not one which the plaintiff in this suit was entitled to enforce, without regard to the appeal from the judgment. That question, and the question whether this court has any right to interpolate into the undertaking any other condition than the one expressed in it, or which to make it operative, namely: that the motion for a new trial should be denied or dismissed, ought in view of the fact that the motion for a new trial was denied and that the defendants in the judgment had the benefit of a stay in execution therein, while such motion was pending, to be raised and disposed of in a plenary suit. A suit brought on the equity side of this court by the defendants in the suit against the plaintiff therein, to restrain or regulate this suit and thereby prevent injustice, would not be an original suit, but would only be auxiliary and supplementary to and dependent on this suit and would be maintainable without reference to the citizenship or residence of the parties to it; and process in it could be served on the plaintiff in this suit out of this district. Dunn v. Clark, 8 Pet. [33 U. S.] 1; Clark v. Matthewson, 12 Pet. [37 U. S.] 169, 172; Freeman v. Howe, 24 How. [65 U. S.] 451, 460; St. Luke's Hospital v. Barclay [Case No. 12,241]; Logan v. Patrick, 5 Cranch [9 U. S.] 280; Dunlap v. Stetson [Case No. 4,164].

As the amount of the judgment obtained in this court and collection of which is sought to be restrained is $5,301.23, either party to such equity suit, could obtain the judgment of the highest court on the question involved. I think the proper disposition to be made of the present motion is to direct a stay of all proceedings in this suit, to collect on execution any judgment which the plaintiff may obtain herein, on condition that the defendants herein institute within thirty days herefrom such an equity suit as is above suggested.

I do not feel disposed to interfere with the right of the plaintiffs to proceed to obtain a judgment in this suit if they are entitled to one as against any legal defence which may be interposed, leaving the questions which were raised and discussed on the motion to be disposed of in the equity suit to be brought.